IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| v. | : | |
| ANTHONY DENNIS JACKSON | : | NO.  09-1745 |

O'NEILL, J.                                                                                                                          APRIL 2, 2012

## MEMORANDUM

      The United States has moved for relief from my Order of February 17, 2012. Since the parties have been unable to agree on facts relevant to that Order and it does not appear that further attempts will succeed I will vacate that Order and neither party need comply with it.

      On February 17, 2010 I entered judgment against Jackson in connection with his income tax liabilities for the 1992, 1993, 1994, 1995, 1996, 1997 and 1998 tax years in the amount of $469,323.11 plus statutory interest and additions accruing after July 2009.  On December 12, 2011 I filed an Order denying Jackson's motion to compel plaintiff to satisfy that judgment.  Thereafter on December 22, 2011 defendant moved for reconsideration of the Order of December 12, 2011 and also for relief from final judgment pursuant to Rule 60(b).[1]  Given my vacation of the Order of February 17, 2012 defendant's motions are now ready for disposition.

---

[1] Presumably, 60(b)(5) "the judgment has been satisfied."

As part of his opposition papers to the Government's motion to vacate, defendant filed a proposed joint stipulation of facts which states that he made three payments totaling $41,729.76 toward his 1992, 1993 and 1994 income tax liabilities and that these payments were the only payments made toward those liabilities.  The government represents that defendant's liabilities as of March 19, 2012, were $403,572.32.  Thus, it is clear that he has not paid the judgment in full.

The sole basis for defendant's position that he has paid the judgment in full is the fact that on May 23, 2011 the Internal Revenue Service abated his tax liability, interest and penalties due for the tax years 1992 and 1994 and that on June 6, 2011 the Service abated his tax liability, interest and penalties due for the tax year 1993, all abatements being without the authorization of the Attorney General of the United States.  On April 16, 2009 the Service had referred the collection of Mr. Jackson's income tax liabilities for the tax years 1992 through 1998 to the Department of Justice.  Pursuant to 26 U.S.C. §7122, after a Federal tax case has been referred to the Department of Justice only the Attorney General can authorize a compromise of the underlying tax liability.  As a consequence, if what the Service did was to compromise defendant's tax liabilities for the three years in question the action of the Internal Revenue Service in abating those liabilities was of no effect.[2]

If, on the other hand, the abatements made by the Service were merely clerical errors, as seems likely from the record in this case, obviously defendant cannot rely upon them to eliminate his tax liabilities.

---

[2]On November 7, 2011, the Service reversed the abatements for 1992 and 1993 and as of November 10, 2011, was in the process of reversing the abatement for 1994.

The only authority defendant cites in support of his position is United States v. Pound, 2010 WL 2803918 (E.D. Okl. Feb. 2, 2010), a case first drawn to my attention by the Government in its brief in opposition to defendant's motion to compel the United States to mark the judgment satisfied.  To the extent that that case supports defendant's position, I decline to follow it.[3]

---

[3] As the Pound Court noted, "*Crompton-Richmond* is merely a district court decision which this court may consider for its persuasive value."